ROBERT K. PHILLIPS
Nevada Bar No. 14411
TIMOTHY D. KUHLS
Nevada Bar No. 13362
BAYLIE A. HELLMAN
Nevada Bar No 14541
**PHILLIPS, SPALLAS & ANGSTADT LLC**
504 South Ninth Street
Las Vegas, Nevada 89101
(702) 938-1510
(702) 938-1511 (Facsimile)
rphillips@psalaw.net
tkuhls@psalaw.net
bhellman@psalaw.net

*Attorneys for Defendants
Sprinter Trucking, Inc. &
Brian Dominic Bunch*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| DONALD DEAN SIMS, an individual,<br><br>Plaintiff,<br>v.<br><br>BRIAN DOMINIC BUNCH, an individual; MCGRIFF, SEIBELS & WILLIAMS OF OREGON, INC., a Foreign Corporation; SPRINTER TRUCKING, INC.; and DOES I through X, inclusive; and ROE CORPORATIONS I through V, inclusive;<br><br>Defendants. | Case No.: 2:25-cv-01862-GMN-MDC<br><br>**STIPULATED DISCOVERY PLAN AND SCHEDULING ORDER UNDER RULE 26(f) AND LR 26-1(b)**<br><br>**SUBMITTED IN COMPLIANCE WITH LR 26-1(b)**<br><br>**SPECIAL SCHEDULING REVIEW REQUESTED** |

The parties to this action, Defendants SPRINTER TRUCKING, INC. ("Sprinter Trucking") and BRIAN DOMINIC BUNCH ("Bunch") along with Plaintiff DONALD SIMS ("Plaintiff") (collectively, the "Parties"), by and through their respective counsel, having conducted a Rule 26(f) conference on October 13, 2025, hereby stipulate and request that the Court enter a stipulated discovery plan and scheduling order pursuant to the following terms:

    **1.**    **Initial Disclosures**.  Discovery had not yet begun in State Court when Defendant Sprinter Trucking removed the action.

2. **Areas of Discovery**. The parties believe that the areas of discovery should include, but not be limited to, all claims and defenses allowed pursuant to the Federal Rules of Civil Procedure.

3. **Discovery Plan.** The parties propose the following Discovery Plan for this matter as it currently stands (for deadlines that fall on a Saturday, Sunday, or legal holiday have been scheduled for the next judicial day):

| Event | Date |
| --- | --- |
| Discovery Cut-Off Date | **May 21, 2026** (270 days after Defendant Vaughn's Initial Appearance on August 25, 2025)[1] |
| Amending Pleadings and Adding Parties | **February 23, 2026** (90 days to close of discovery) (Next judicial day) |
| Initial Expert Designations | **March 23, 2026** (60 days to close of discovery) |
| Rebuttal Expert Designations | **April 22, 2026** (30 days to close of discovery) |
| Dispositive Motion Deadline | **June 19, 2026** (30 days after discovery closes) |
| Pretrial Order | **July 20, 2026** (30 days after the dispositive motion deadline unless dispositive motions are filed, in which case the deadline for filing the joint pretrial order will be suspended until 30 days after decision on the dispositive |

---

[1] Plaintiff commenced the above-captioned matter by filing his operative Complaint on August 4, 2025, in the Eighth Judicial District Court of Nevada. Plaintiff served his Summons and Complaint on Sprinter Trucking on August 7, 2025. Sprinter Trucking filed a timely Answer to Plaintiff's Complaint on August 25, 2025. Plaintiff served his Summons and Complaint on Bunch on August 24th, 2025. Sprinter Trucking removed the matter to this venue on October 1, 2025. Pursuant to LR 26-1(b)(1), the discovery period shall not exceed 180 days from the date the Defendant filed a responsive pleading or otherwise appeared. Any request to go beyond 180 days requires special scheduling review. Due to the non-appearance of Defendant McGriff, Siebels & Williams of Oregon, Inc., the parties respectfully request 270 days from Sprinter Trucking's first appearance, with the cut-off date being Thursday, May 21, 2026.

| Event | Date |
|---|---|
|  | motions or further court order) |
|  | (Next judicial day) |

4. **Court Conferences**. If the Court has questions regarding the dates proposed by the parties, the parties request a conference with the court before entry of the Scheduling Order. If the Court does not have questions, the parties do not request a conference with the Court.

5. **Fed. R. Civ. P. 26(a)(3) Disclosures**. Unless the discovery plan otherwise provides and the Court so orders, the disclosures required by Fed. R. Civ. P. 26(a)(3) and any objections to them must be included in the joint pretrial order.

6. **Alternate Dispute Resolution.** The parties hereby certify that they have met and conferred about the possibility of using alternative dispute resolution processes, something to which the parties remain open at this time.

7. **Alternative Forms of Case Disposition.** The parties hereby certify that they considered consent to trial by magistrate judge under 28 U.S.C. S 636(c) and FRCP 73 and the use of the Short Trial Program (General Order 2013-01).

8. **Electronic Evidence**. The parties certify that they discussed whether they intend to present evidence in electronic format to jurors for the purposes of jury deliberation and will ensure that said evidence is in an electronic format compatible with the Court's electronic jury evidence display system. The parties anticipate that they will have some evidence to present to the jury that exists in electronic format. At present, the parties have not agreed upon any stipulations regarding use of electronic evidence but will address this issue again in the joint pretrial order.

10. **Extension of Scheduled Deadlines**. In accordance with LR 26-3, a motion or stipulation to extend any date set by this Discovery Plan and Scheduling Order must comply with LR IA 6-1 and be supported by a showing of good cause for the extension. Such a motion or stipulation to extend must be received by the Court no later than 21 days prior to the deadline(s) being extended. Any request made within 21 days of the deadline(s) being extended must be supported by a showing of good cause, and any request made after the deadline(s) in question will not be granted absent a showing from the movant of excusable neglect.

11. **Privileged or Protected Documents.** The parties agree to be bound by Fed. R. Evid. 502 regarding the disclosure of privileged material or work product. Further, the parties acknowledge and agree that, while each is taking reasonable steps to identify and prevent disclosure of any document they believe is privileged, there is a possibility that certain privileged material may be produced inadvertently. Accordingly, the parties agree that a party who produces a document protected from disclosure by the attorney-client privilege, attorney work product doctrine, or any other recognized privilege ("privileged document") without intending to waive the claim of privilege associated with such document may promptly notify the requesting party that such document was inadvertently produced and should have been withheld. Once the producing party provides such notice to the requesting party, the requesting party must promptly return or destroy the specified document(s) and any copies thereof. By complying with this obligation, the requesting party does not waive any right to challenge the assertion of privilege and request an order of the Court denying such privilege.

12. **Consent to Service by Electronic Means through Electronic Mail**. The undersigned, on behalf of Plaintiff and Defendants, hereby consent to service of documents by electronic means via electronic mail and/or by U.S. Mail. Documents served by electronic means must be transmitted to the following persons at the e-mail address below:

. . .

. . .

. . .

. . .

. . .

. . .

. . .

. . .

. . .

. . .

. . .

. . .

- Plaintiff's attorneys: Justin L. Wakins and Kathleen S. Villatoro of Battle Born Injury Lawyers
    - E-Service Address:

        kvillatoro@awhlawyers.com, jwatkins@awhlawyers.com,

        tyler@awhlawyers.com, efile@awhlawyers.com,

- Defendant's attorneys: Robert K. Phillips, Timothy D. Kuhls, and Baylie A. Hellman of Phillips, Spallas & Angstadt LLC.
    - E-Service Address:

        rphillips@psalaw.net, tkuhls@psalaw.net, bhellman@psalaw.net,

        jkephart@psalaw.net, phidalgo@psalaw.net

DATED this 3rd day of December 2025.             DATED this 3rd day of December 2025.

**BATTLE BORN INJURY LAWYERS**                   **PHILLIPS, SPALLAS & ANGSTADT LLC**


*/s/ Kathleen S. Villatoro, Esq.*                */s/ Baylie A. Hellman, Esq.*
JUSTIN L. WATKINS, ESQ.                          ROBERT K. PHILLIPS
Nevada Bar No. 9217                              Nevada Bar No. 11441
KATHLEEN S. VILLATORO, ESQ.                      TIMOTHY D. KUHLS
Nevada Bar No. 15829                             Nevada Bar No. 13362
10789 W. Twain Ave., Suite 100                   BAYLIE A. HELLMAN
Las Vegas, NV 89135                              Nevada Bar No. 14541
                                                 504 South Ninth Street
*Attorneys for Plaintiff*                        Las Vegas, Nevada 89101

                                                 *Attorneys for Defendants*
                                                 *Sprinter Trucking, Inc. &*
                                                 *Brian Dominic Bunch*


IT IS SO ORDERED.

_____
UNITED STATES DISTRICT MAGISTRATE JUDGE

DATED: 12/5/25

CASE NO.: 2:25-cv-01862-GMN-MDC